**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREGORY HERMAN,

          Plaintiff,

v.

CITIMORTGAGE, INC.,
TROTT & TROTT, P.C., and
JOSIE L. LEWIS,

CIVIL CASE NO. 08-11215
HON. MARIANNE O. BATTANI

          Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit, and for the reasons that follow, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis* and **DISMISSES** the Complaint.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

Plaintiff's claim of hardship is supported by his application. While Plaintiff is employed, Plaintiff claims no savings, no real estate, and minimal income. See Application at 2. Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, however, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). Specifically, the district court is obliged to dismiss a civil complaint if it "fail[s] to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Section 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>   (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed.R.Civ.P. 12(b); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir.1996) (observing that the court is not required to accept summary allegations or unwarranted

legal conclusions in determining whether complaint states a claim for relief); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

"A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required to conjure up legal theories or supply additional factual allegations because a plaintiff is pro se. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). Imposing such a duty on the district court would "transform" it "from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

Reviewing Plaintiff's civil complaint, the Court cannot find a claim upon which relief can be granted. Plaintiff's complaint stems from the Defendants' foreclosure and subsequent sale of Plaintiff's property. Plaintiff asserts (1) a violation of the Fair Debt Collection Practices Act ("FDCPA") and (2) a violation of due process rights under the 14th Amendment. Plaintiff's allegations, however, are insufficient to support his claims on either count.

It is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors. 15 U.S.C. § 1692a(6); see Scott v. Wells Fargo Home Mortgage, 326 F.Supp.2d 709, 717 (E.D. Va. 2003); Pollice v. National Tax Funding, 225 F.3d 379 (3d Cir. 2000); Perry v. Stewart Title Co., 756 F.2d 1197 (5th Cir.1985). As Defendants are not alleged to be debt collectors – and indeed are not debt collectors under the FDCPA – Plaintiff's FDCPA claims should be dismissed.

Further, Plaintiff's complaint with regards to the due process claim consists entirely of a citation to Garner v. Tri-State Development Co., 382 F.Supp. 377 (E.D. Mich. 1974), which found that a foreclosure by advertisement constituted an as-applied constitutional due process violation. Id. at 380. Because Plaintiff fails to allege any facts that would establish the due process charges leveled against Defendants, or even any facts that would make the citation of this case relevant, Plaintiff's due process complaint must likewise be dismissed.

In sum, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and this action is **DISMISSED** under section 1915(e) for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: April 4, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK